IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CLAY JUSTICE,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:18-cr-99 CW<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion for Bill of Particulars filed by Defendant David Clay Justice.  In the Second Superseding Indictment, the United States included a Notice of Intent to Seek Forfeiture of real property.  Mr. Justice moves for the United States to provide detailed facts about the events that relate to forfeiture.  The court denies Mr. Justice's motion.

## FACTUAL BACKGROUND

**Property Used to Facilitate Commission of a Crime**

This case involves, among other things, an alleged conspiracy to distribute marijuana and launder money.  The forfeiture notice asserts that Mr. Justice's "[r]eal property located at 6639 Wishing Well Way, Loomis, CA 95690" (hereinafter the "Wishing Well Property") was used to facilitate commission of the alleged criminal offenses.  Second Superseding Indictment, at 29 (ECF No. 51) (hereinafter the "Indictment").[1]

---

[1] When the court cites a page number from the record, it refers to the ECF number at the top of the page and not to a page number at the bottom of the page.

The Indictment asserts a co-defendant taught Mr. Justice "the process of packaging and inventorying the marijuana at" the Wishing Well Property.  *Id.* ¶ 36.  The co-defendant also allegedly helped Mr. Justice "set up a marijuana grow operation and a THC extraction lab at the Wishing Well Property."  *Id.* ¶ 37.  "In October 2014," the co-defendant allegedly met with Mr. Justice "at the Wishing Well Property to pay him his share of the profits from an August 2014 marijuana load."  *Id.* ¶ 39.  The indictment further asserts a driver drove to the Wishing Well Property and met Mr. Justice and a co-defendant, and "[t]here, they provided Driver 6 with a truck loaded with approximately 250 pounds of marijuana."  *Id.* ¶ 69.

On December 8, 2020, the United States filed a response to the present motion.  Consistent with the allegations in the Indictment, the United States affirmed it is seeking forfeiture on the ground that the property was used to facilitate the commission of a crime.  Resp. to Mot. for Bill of Particulars, at 1 (ECF No. 93).  The United States also cited to specific pages of discovery as the foundation for its allegations, which discovery has been provided to Mr. Justice.  *Id.* at 2.

Mr. Justice filed no reply to the United States' response.

**Property Obtained or Derived from Proceeds**

The forfeiture notice also asserts that the Wishing Well Property was obtained or derived from criminal proceeds.  Indictment, at 29 (ECF No. 51).  The Indictment contains no allegations to support this ground for forfeiture.  The United States' responsive brief, however, informed the court and Mr. Justice that "at this stage of the case [it] does not intend to offer any evidence to support the claim that the defendant used the proceeds he obtained from his criminal conduct . . . to purchase the" Wishing Well Property.  Resp. to Mot. for Bill of Particulars, at 1.

## ANALYSIS

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir. 1992) (quotations, citation, and alteration omitted). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* at 167 (quotations and citations omitted). Moreover, a "defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Id.* (quotations and citations omitted). If a defendant has "access to the government's file prior to trial," however, that also is relevant to the analysis. *See id.*

As stated above, there are no allegations in the Indictment to apprise Mr. Justice on what basis the United States claimed the Wishing Well Property was obtained or derived from criminal proceeds. The United States' response to the present motion, however, has informed Mr. Justice that it is no longer seeking forfeiture on that ground. Thus, a bill of particulars is not necessary on that ground.[2]

The United States' other ground is sufficiently supported in the Indictment. Moreover, Mr. Justice has access to the United States' file, and the United States has identified the specific discovery on which it is relying to assert Mr. Justice used the Wishing Well Property to facilitate commission of the alleged criminal activity. Mr. Justice is entitled to no more.[3]

---

[2] Were the United States to change its position, it would require notice and a bill of particulars to state the ground for seeking forfeiture on the basis that the Wishing Well Property was obtained or derived from criminal proceeds.

[3] Should the United States seek to introduce additional grounds at trial to the prejudicial surprise of Mr. Justice, he may seek relief at that time based on non-disclosure.

## **CONCLUSION**

For the reasons stated above, the court DENIES the Motion for Bill of Particulars (ECF No. 89).

DATED this 25th day of January, 2021.

BY THE COURT:

Clark Waddoups
United States District Court Judge